UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

CORY WILLIAMS

Case No. 1:15-cr-111-TWP-MJD-01

ORDER    ON    MOTION    FOR
SENTENCE   REDUCTION   UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cr-00111-TWP-MJD-1 |
| | ) | |
| CORY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Cory Williams ("Williams") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in which request for immediate transfer to home confinement until the COVID-19 outbreak is over, and a reduction in his sentence to 135 months of imprisonment.[1]  (Dkt. 160.)  For the reasons explained below, Williams' motion is **denied**.

## I.   BACKGROUND

In 2017, Williams pled guilty to one count of Conspiracy to Possess with Intent to Distribute, and to Distribute One Kilogram of more of Heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. (Dkts. 126, 128.)  Williams was sentenced to 240 months of imprisonment, to be followed by 10 years of supervised release.  (Dkt. 128 at 2, 3.)  During the course of the prosecution, the Government filed an Information under 21 U.S.C. § 851 alleging

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of Bureau Of Prisons, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order that Mr. Williams' sentence be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Williams' sentence to time served or to 135 months of imprisonment. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

that Williams had previously been convicted of a felony drug offense. (Dkt. 124.) As a result, the 240 month sentence of imprisonment was the mandatory minimum sentence under the law as it existed at the time. 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010, to Dec. 20, 2018).

Retained counsel filed a motion for compassionate release on behalf of Williams. (Dkt. 160.) Williams argues that he establishes extraordinary and compelling reasons for compassionate release because (1) his medical conditions (obesity and hypertension), as well as the fact that he is African-American, place him at risk of severe illness if he were to contract COVID-19 again; (2) if he was sentenced today, he would not be subject to a 20-year mandatory minimum; and (3) he has substantially rehabilitated himself during his time in prison. (Dkt. 160.)

The Government filed its Response in Opposition, (Dkt. 164), and Williams filed a Reply, (Dkt. 165). The Court thereafter entered an order requiring Williams to show cause why the Court should not deny his motion for compassionate release as foreclosed by the recent Seventh Circuit decisions in *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) and *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). (Dkt. 171.)

In response, Williams argues that vaccination does not ensure that he will not contract COVID-19 again and in light of his underlying medical conditions and the fact that he is African-American, he remains at risk for severe illness from COVID-19. (Dkt. 174 at 5-6.) Williams also argues that this Court should follow the Seventh Circuit's holding in *United States v. Black*, 999 F.3d 1071 (7th Cir. 2021) and consider non-retroactive changes in sentencing when evaluating whether a defendant has established extraordinary and compelling reasons for relief under § 3582(c)(1)(A)(i). *Id.* at 6. Thus, the motion is now ripe.

## II.  DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c).  Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction."  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Williams' first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is unavailing, either alone or in combination with any other reason.

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).  Williams is fully vaccinated, and he has presented no evidence that he is unable to receive or benefit from the vaccine.  *See id.*  Additionally, Williams "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released."  *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022).  Specifically, he has not presented "data showing that vaccinated prisoners are

4

at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, Dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Williams cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Williams' second reason for requesting a sentence reduction—the disparity between the sentence he received and the sentence he might receive if sentenced today—fares no better, whether considered alone or in conjunction with other reasons. According to Williams, the conviction identified in the § 851 information, and used to enhance his sentence, was possession of a controlled substance. At the time of his sentencing, that conviction qualified to increase the mandatory minimum penalty Williams faced under § 841(b)(1)(A). Under current law, however, such a conviction does not trigger an enhanced penalty. Therefore, if sentenced today, Williams argues that he would not be subject to a mandatory minimum 20-year sentence, but instead would be subject to a 10-year minimum sentence. (Dkt. 160 at 20.) However, the Seventh Circuit has held that non-retroactive changes in sentencing law—such as the change to § 841—are not extraordinary and compelling reasons for compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release.").

Williams' reliance on *United States v. Black*, 999 F.3d 1071, 1076 (7th Cir. 2021), *see* Dkt. 174, is misplaced. In *Black*, the Seventh Circuit suggested that the district court may have failed to recognize the extent of its discretion because it failed to mention the post-sentencing change to

5

the sentencing scheme in 18 U.S.C. § 924, but that was in the context of the district court's discussion of the § 3553(a) factors, not its discussion of whether the district court abused its discretion in concluding that the defendant had not shown extraordinary and compelling reasons for release. *See Black*, 999 F.3d at 1076.[2]

Finally, as Williams himself acknowledges, rehabilitation alone is not an extraordinary and compelling reasons to grant compassionate release, *see* 28 U.S.C. § 994(t), and while the strides Williams has made in prison are admirable, his rehabilitation, whether considered alone or together with other factors, is not an extraordinary and compelling reason to reduce his sentence.

Given the determination that Williams has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.   CONCLUSION

For the reasons stated above, Williams' motion for compassionate release, Dkt. [160], is **DENIED.**

**SO ORDERED.**

Date:  6/15/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[2] Williams also appears to argue that there is a disparity between his sentence and the sentence served by his codefendant because despite being convicted of the same crime, Mr. Williams' codefendant has since been granted compassionate release. (Dkt. 165 at 6; Dkt. 174 at 9.)  The Court considers all motions for compassionate release individually. The fact that Mr. Williams' codefendant has been compassionately released plays no role in the Court's determination of whether Mr. Williams has shown extraordinary and compelling reasons to grant his motion.

DISTRIBUTION:


Matthew M. Robinson
assistant@robinsonbrandt.com

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE
kendra.klump@usdoj.gov

MaryAnn Totino Mindrum
UNITED SATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov